## Borner v. Dingman Twp. Zoning Hearing Board

*Arthur B. Siegel*, for appellant.
*John H. Klemeyler*, for appellee.
*Marshall E. Anders*, for additional appellee.

THOMSON, JR., *P.J.*, December 27, 1984—

### FACTS

On June 21, 1984, the Dingman Township Zoning Board granted Barbara Richardson's application for a special exception for a residence connected to a commercial use in a neighborhood development district on Route 6, Dingman Township, Pa. The board granted applicant's special exception with the following safeguards and conditions necessary to implement the purposes of the Municipalities Planning Code and the Dingman Township Zoning Ordinance:

1. Applicant must block the existing blacktopped access drive to make it impassable for vehicles to gain access to the property and impossible for vehicular travel, within 90 days of the date of this decision.

2. Applicant must install and maintain a dusk-to-dawn light to illuminate the entrance of the access drive to Route 6;

3. Applicant must remove the brush and shrubs from the access drive in a westerly direction, toward Hawley, for the remaining length or frontage of the subject property from the right-of-way toward the travel portion of Route 6; and,

4. Applicant must complete the construction of the new access drive with blacktopping, within 90 days of the date of this decision.

From this decision, William Borner and Lois Borner, his wife, appealed. Appellee, Barbara Richardson, moved to strike this appeal on July 30, 1984.

In a collateral issue, Barbara Richardson also filed an appeal of the board's June 21, 1984 decision.

On August 28, 1984, appellents William Borner and Lois Borner, his wife, by their attorney, Arthur B. Seigel, Esq., and appellees Barbara Richardson, by her attorney, Marshall E. Anders, Esq., and Dingman Township Zoning Hearing Board by its solicitor, John H. Klemeyer, Esq., agreed and stipulated that appellee, Barbara Richardson's motion to dismiss the appeal shall be submitted on briefs, oral argument being waived.

## OPINION

The issue for resolution is whether or not appellee Barbara Richardson's motion to dismiss the appeal shall be granted. Appellee contends that William Borner and Lois Borner are not aggrieved persons entitled to perfect an appeal from a decision of the zoning hearing board pursuant to the laws and judicial decisions of the Commonwealth of Pennsylvania. Under 53 P.S. §11007, "appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved." Therefore, if the

Borners are "aggrieved parties," they have standing to appeal the zoning hearing board's decision.

Under Grossman v. Lower Chanceford Board of Supervisors, 15 D.&C.3d 243 (1980), "it is necessary for an appeal to be brought in our courts, that the appellant had been a party before the zoning hearing board." Furthermore, 53 P.S. §11007 states that "persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map *shall first submit their objections to the zoning hearing board under sections 909 and 915.* The submission shall be governed by the provisions of section 1005." (Emphasis added.) Section 1005, as amended by 53 P.S. §11005, allows appeal after submittal of their challenge to the board.

Appellants William and Lois Borner contested Barbara Richardson's application and entered their appearance as parties. They were granted status as parties by the Dingman Township Zoning Hearing Board as evidenced in the March 15, 1984 and April 5, 1984 transcripts of hearing before the board. Because the Borners submitted their challenges to the board first and entered their appearances, procedurally they are "aggrieved parties," who may appeal such board decisions. The law cannot be clearer. As long as administrative remedies are exhausted, appellants' case is ripe for court determination; therefore, appellants will have their day in court. The Borners have standing because they followed proper procedure, which makes them aggrieved parties.

Appellants are aggrieved parties under the law and the appeal shall not be stricken, but heard.

## ORDER

And now, this December 27, 1984, appellee's motion to strike appeal is hereby denied.